This was an action against the defendants on a paper-writing purporting to be given by one Sedbury and the defendants as his sureties, on a bond upon his appointment as constable, and dated 16 January, 1838. The signing and sealing of the instrument were proved, and that it was regularly filed by the clerk of the county court of Richmond among the constables' bonds in his office. Further, to prove the (276) delivery of the paper-writing and its acceptance by the court, the records of the county court of Richmond of January Term, 1838, were produced, where the following entry appears: "On motion, Shadrach H. Sedbury was appointed constable, gave bond with William Powell, John Morrison, and Stephen Terry securities." This entry was made on Wednesday, 17 January, 1838, when the court was held by three magistrates only. It was admitted that the said Sedbury was not elected, either by the people or by the county court, but was appointed as above stated. It was objected by the defendant's counsel that the paper-writing declared on was void, because Sedbury was not elected either by the people or by the county court of Richmond, seven magistrates being on the bench, but that he was appointed by a court consisting of but three magistrates, and that a court so constituted was not the legally constituted agent of the State to receive the said paper-writing as a bond. The court being of this opinion, the plaintiff submitted to a nonsuit and appealed.
The county court derives all its power of appointing constables and taking bonds from them from the statute to which we have referred in the opinion in S. v. Wall, ante, 267. It is ordered to supply a vacancy when no election has been made by the people, "seven justices being present." From this act flows its authority, which is necessarily special. It is given to the court, seven justices being present, but not otherwise. The appointment, therefore, in this case was wholly without authority, and, for the reasons given in the case already referred to, the *Page 196 
instrument given as an official bond was altogether inoperative, because not accepted by an authorized agent of the State.
PER CURIAM. Affirmed.
Cited: Forbes v. Hunter, 46 N.C. 233; Leak v. Comrs., 64 N.C. 135.
(277)